Waudlaw, J.
Dissenting. No injunction or other order from the court of equity has been served on the sheriff, but somebody has informally warned him not to pay, because the fund is in controversy, or may be put in controversy, in the court of equity.
The rights of the plaintiffs have been established by the judgment of this court. Under that judgment the money has been collected, and I think the court should now respect and enforce its judgment, by requiring its officer to do his duty. If a serious conflict of legal rights makes the proper course of the sheriff uncertain — if such difficulty be produced by an equity such as this court notices and can adjudicate — a decision will not generally be made upon rule, for such decision, without an issue made between the parties conflicting, would not protect the sheriff, or conclude the parties. But of a mere technical equity, such as the court of equity only can judge of, this court can take no notice. It may be presented before the proper tribunal, and ample power there exists to pursue the matter in controversy pending the litigation. That power should be invoked in regular form. To accept as an excuse for the sheriff’s delay in payment, the allegation of some indescribable equity, or some apprehended struggle going on elsewhere,, or expected, is to open the door to great looseness, and may lead to infinite abuse.
These reasons, hastily expressed, shew the grounds of my dissent in these cases, and also in the case of Brown vs. Furze, (a) decided this term.

 Vide next case.